Citation Nr: AXXXXXXXX
Decision Date: 07/30/21 Archive Date: 07/30/21

DOCKET NO. 210421-154396
DATE: July 30, 2021

REMANDED

The appeal challenging the appointment of M. D. B. as the Veteran's Department of Veterans Affairs (VA) fiduciary is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Army from July 1962 to January 1983. The appellant in this matter is the Veteran's niece. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA's decision on their claim to seek review. Governing laws provide that every rating decision issued after February 2019 will be promulgated under the AMA. 

This matter comes before the Board of Veteran's Appeals (Board) on appeal of a November 2020 administrative decision by a VA Fiduciary Hub of the Veterans Benefits Administration, which is the Agency of Original Jurisdiction (AOJ). In April 2021, the appellant elected to appeal this issue to the Board by submitting a VA Form 10182 and selecting the Evidence Submission docket. The 90-day time period to submit additional evidence has elapsed, so no other evidence will be considered in deciding this appeal. The Board is honoring the appellant's wishes and election.

1. The appeal challenging the appointment of M. D. B. as the Veteran's VA fiduciary is remanded.

To better outline the characterization of the issue on appeal and the reasons for remand, the Board concludes that a brief recitation of pertinent facts is necessary.

In July 2019, the Veteran, or someone on her behalf, submitted a VA form seeking special monthly compensation based on the need of aid and attendance and noting her "dementia is severe." Soon thereafter, a petition for appointment of a guardian and/or conservator for the Veteran and her estate was filed with the Probate Division of the Circuit Court of St. Louis County, Missouri (St. Louis County Circuit Court), and the Veteran's treating physician filed a medical affidavit in February 2020 that cited "dementia and probable Alzheimer's disease" as the primary reason for the requested action. 

Based on the above, the AOJ proposed a finding of the Veteran's incompetency to handle disbursement of VA funds in an August 2020 rating decision. The Veteran did not oppose this proposal and submitted a completed VA Form 21-592 reflecting her wishes to have her brother, R. W. appointed as her VA fiduciary. Thereafter, in an October 2020 rating decision, the AOJ adjudicated the Veteran to be incompetent for the purpose of handling disbursement of VA funds, and the AOJ's procedures for appointing a VA fiduciary for the Veteran commenced. 

The VA Fiduciary Hub Manager designated a VA employee to conduct a field examination for the purpose of determining the appropriate party for appointment as the Veteran's VA fiduciary. Due to health concerns related to the pandemic, the field examination was conducted via telephone interviews over a two-day period, and the field examination report reflects that R. W., the Veteran's brother, and her preference for appointment as her VA fiduciary, died one week earlier. The field examiner interviewed the appellant, who alluded to the Circuit Court proceedings to have her appointed as the Veteran's legal guardian. The field examiner also interviewed the Veteran and stated that, while she was not competent to handle disbursement of VA funds, she had the mental capacity to state her fiduciary preference. In her interview with the field examiner, the Veteran asserted that she did not want the appellant to be appointed as her VA fiduciary because she (the appellant) did not trust [the appellant]. In view of the above, the field examiner interviewed M. D. B., whose credit report and background check were noted to be "satisfactory."

On November 12, 2020, the Probate Division of the Circuit Court of St. Louis County, Missouri, appointed the appellant as the Veteran's legal guardian and conservator of her estate. On November 23, 2020, the Fiduciary Hub's Manager appointed M. D. B. as the Veteran's fiduciary to receive and disburse VA benefits. The Board notes that the appellant's name is not reflected on any portion of the November 2020 decision by the VA Fiduciary Hub Manager, to specifically include all sections referring to the "beneficiary" of the appointment. From that date, all VA funds and letters intended for the Veteran were sent to M. D. B. 

The appellant initiated the instant appeal because she disagrees with VA's appointment of M. D. B., instead of herself, as the Veteran's VA fiduciary. In support of her appeal, the appellant points out that she has managed the Veteran's financial affairs for an extended time and has been ordered as the legal guardian and conservator of the Veteran and her estate by the St. Louis County Circuit Court.

As an initial matter, the Board notes that the United States Court of Appeals for Veterans Claims (the Court) has held that VA's appointment of a fiduciary is considered to be "a matter affecting the provisions of VA benefits," and thus, is subject to review by the Board. Freeman v. Shinseki, 24 Vet. App. 404 (2011). Such appeals are controlled by 38 C.F.R. § 13.600 (a) and (b), which provide that the beneficiary of the VA-appointed fiduciary may appeal the appointment to the Board; however, the class of appellants and types of fiduciary-related decisions subject to these provisions are highly technical and dependent on the circumstances of each case.

In the present case, the appellant is not the beneficiary of the VA fiduciary appointment, and thus, it would appear that the appellant does not have legal standing to challenge VA's appointment of M. D. B. as the Veteran's VA fiduciary. However, subsequent to the Court's decision in Freeman, VA issued VA Fast Letter 11-37 (Dec. 6, 2011), clarifying that persons granted legal authority to act on a beneficiary's behalf, such as a court-appointed guardian, may appeal the selection of a fiduciary on the beneficiary's behalf. It is clear that the appellant in this matter fits within the class of persons who may appeal VA's appointment of a fiduciary. 

In view of the above, it would appear that the appellant has legal standing to appeal VA's appointment of M. D. B. as the Veteran's VA fiduciary; however, this is only true if her assertions are made on the Veteran's behalf. While her assertions in support of her appeal would appear to be made on her own behalf, her status as the Veteran's Court-ordered guardian and conservator imbues certain rights to her through the Veteran, to include the right to communicate with VA on the Veteran's behalf and to notice of the laws controlling the procedures involving the appointment of a VA fiduciary and how such an appointment may be appealed. 

Regarding the latter, the Board observes that an appellant may challenge VA's appointment of a fiduciary based on (1) the AOJ's non-compliance with the processes associated with selecting a fiduciary (governed by 38 C.F.R. §§ 13.100 and 13.130) or (2) the current beneficiary's failure to properly act in the Veteran's best interests as per 38 C.F.R. §§ 13.280 and 13.400.

With the above in mind, while the appellant's intentions to dispute VA's appointment of M. D. B. as the Veteran's VA fiduciary are clear, it is uncertain whether she has been provided due process of law. Under the AMA remands are limited to correction of (1) duty to assist errors occurring prior to the date of the AOJ decision on appeal (i.e., pre-decisional duty to assist errors) and (2) AOJ errors in satisfying a regulatory or statutory duty, if correction of such error would have a reasonable possibility of aiding in substantiating the appellant's claim. 38 C.F.R. § 20.802 (a). 

While the duty to assist does not apply to appeals challenging the appointment of a VA fiduciary, the Board concludes that the AOJ, nonetheless, had a regulatory duty to fully notify the appellant of all VA-related matters pertaining to the Veteran which occurred after November 12, 2020, to include her right to appeal VA's appointment of M. D. B. as the Veteran's fiduciary and how such an appointment may be appealed. Downstream from this procedural error, the Board concludes that the appellant's appeal is unripe for readjudication. In such cases, readjudication by the Board prior to ensuring due process of law would be subject to vacatur under 38 C.F.R. § 20.100(a).

Accordingly, the Board concludes that the appellant's appeal must be remanded to allow the AOJ to fulfill its regulatory duty to notify the appellant of all VA-related matter pertaining to the Veteran since November 23, 2020, to include her rights to appeal the appointment of M. D. B. as the Veteran's VA fiduciary and the laws governing how such matters may be pursued and substantiated. 

The matters are REMANDED for the following actions:

1. The AOJ must provide the appellant all correspondence sent to the Veteran and her VA fiduciary by the AOJ dated from November 12, 2020, to the present. 

2. The AOJ must provide the appellant with notice of the statutes and regulations pertaining to the appointment of a VA fiduciary, to include completing a field examination, the duties of a VA fiduciary, and the processes of appealing the appointment of a VA fiduciary and removal of a VA fiduciary, to include cases involving misuse of funds under 38 C.F.R. § 13.400. 

3. After affording the appellant an appropriate opportunity to respond in support of her appeal, and based on her assertions and filings, the AOJ must have the appropriate party, as provided by 38 C.F.R. § 3.600, readjudicate the appellant's appeal in light of the totality of the evidence. If the appellant's appeal remains denied, 

the AOJ must provide her a copy of the readjudication and allow her an appropriate period to respond. 

 

 

Michael J. Skaltsounis

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board Scott W. Dale, Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.